Jonathan **MORGAN**, Plaintiff—Appellant,

v.

**DURAN; et al., Defendants—Appellees.**

No. 03–17134.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 22, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

Jonathan Morgan, Cocoran, CA, pro se.

Constance Picciano, Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Jonathan Morgan, a California state prisoner, appeals pro se the dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), of his action under 42 U.S.C. § 1983 alleging violation of his Eighth Amendment rights by three prison officials, and the denial of his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review de novo the district court's dismissal of the complaint under § 1915A for failure to state a claim. *See Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Id.*

In his second amended complaint, Morgan alleged that the defendants restrained his wrists, "jabbed" a manual finger stick device for testing his blood glucose level "deep within the flesh" of his middle finger, causing "profuse bleeding" and serious nerve damage," and then ignored his requests for medical treatment. These allegations of harm were sufficient to state the objective component of a claim under the Eighth Amendment. *See Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir.2002). Morgan also alleged deliberate indifference sufficient to state the subjective component of an Eighth Amendment claim. *See id.* (plaintiff must establish that defendants were deliberately indifferent to substantial risk of serious harm).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Accordingly, we REVERSE the district court's judgment and REMAND for further proceedings.